BENJAMIN C. JOHNSON (SBN: 218518)
bjohnson@zag.com
ZAG AMERICA, LLC
3002 Main St.
Santa Monica, CA 90405
Telephone: (424) 317-4940

Attorneys for Plaintiff ZAG America, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAG AMERICA, LLC., a California limited liability company,<br><br>Plaintiff<br><br>v.<br><br>LI BO, an individual,<br><br>Defendants. | Case No. 2:21-cv-8741<br><br>**COMPLAINT FOR:**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ZAG America, LLC ("Plaintiff" or "ZAG") for its Complaint herein alleges as follows:

## INTRODUCTION

1. This action involves claims for copyright infringement of ZAG's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. § 101 et seq., by Defendant LI BO ("Defendant"), including, without limitation, by producing / reproducing, distributing, creating derivative works, and/or publicly displaying unlicensed, infringing versions of works protected by ZAG copyrights without its consent.

## JURISDICTION AND VENUE

2. This Action is brought under the federal Copyright Act of 1976, as amended by 17 U.S.C. § 101 et seq. This Court has federal subject matter jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is conferred by 28 U.S.C. § 1400.

3. Personal jurisdiction exists over Defendant because Defendant regularly conducts, transacts, and/or solicits business in California and in this judicial district; and/or derives substantial revenue from his business transactions in California and in this judicial district; and/or otherwise avails himself of the privileges and protections of the laws of the State of California such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process; and/or should reasonably expect his infringing actions – which caused injury to Plaintiff in California and in this judicial district – to therefore have consequences in California and in this judicial district. For example:

   a. Defendant was and/or is systematically directing and/or targeting his business activities at consumers in the U.S., including California, through Amazon.com, through which consumers in the U.S., including California, can purchase Defendant's products which make unauthorized use of ZAG's copyrighted works.

   b. Defendant has transacted business with consumers in the U.S., including California, for the sale of his products through Amazon.com.

   c. Defendant is aware of ZAG and its products, and that his infringing actions are likely to cause injury to ZAG in the U.S., in California, and in this judicial district specifically, as ZAG conducts substantial business in California.

## PARTIES

4. Plaintiff ZAG AMERICA, LLC is a California limited liability company having an address and principal place of business at 3002 Main Street, Santa Monica, California 90405.

5. Defendant Li Bo is, upon information and belief, an individual residing in Guangdongsheng, China, and conducting business in this judicial district through his business name and storefront LIBOMAOYI on Amazon.com.

6. Plaintiff is informed and believes, and based thereon, alleges that Defendant is in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Plaintiff as alleged hereinafter.

## GENERAL ALLEGATIONS

### ZAG America, LLC

7. ZAG is an independent, cutting-edge Film, TV and Digital production studio specializing in world-class storytelling through animation, with a unique portfolio of classic stories, timeless values and iconic characters and melodies. With offices in Paris, France and Los Angeles, California, ZAG's compelling content reaches kids and families all over the world. ZAG is also a leading marketer, licensor and developer of innovative consumer entertainment products based on its acclaimed properties and content.

8. One of ZAG's most popular and successful properties is the internationally acclaimed Miraculous® series streaming on platforms all over the world, and in the United States on Netflix. ZAG licenses, promotes and sells products based on its Miraculous® characters and properties throughout the U.S. and the world through major retailers and online marketplaces (the "Miraculous® Products").

9. Miraculous: Tales of Ladybug & Cat Noir, now in its fourth season, is one of the top streaming shows around the world, and in the United States.

10. ZAG complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright, by applying for copyright registration on, making the required deposit for, and receiving from the Register of Copyrights a Certificate of Registration, No. PA 2-116-662, dated February 6, 2018, and No. PA 2-118-419, dated February 6, 2018, copies of which are attached to the Complaint as Exhibits A and B, and

incorporated by this reference. Publication was made with notice in strict and full compliance with the federal Copyright Act of 1976.

11. In light of their success, ZAG's licensing program for Miraculous® and the Miraculous® Products have been targeted by unscrupulous individuals and entities that wish to unlawfully exploit their goodwill, reputation, and popularity.

### Amazon.com

12. Amazon.com, Inc. is a worldwide online marketplace that focuses on e-commerce, and sells everything from books, music, movies, housewares, electronics, toys and many other goods, either directly or as the middleman between other merchants and Amazon.com's millions of subscribers and customers. Customers and subscribers may search, browse and purchase products from listings posted by Amazon, or other merchants. Amazon.com has been described as one of the most influential economic and cultural forces in the world, and as the world's most valuable brand by journalists.

### Defendant's Infringing Conduct

13. Defendant maintains an account on Amazon.com with the business name and storefront of LIBOMAOYI (the "Amazon Account"). Defendant has posted on his Amazon Account ASINS B09CGRFDZ5, B09GLQF96J, and B09KCCKJK3. Attached hereto as Exhibits C and D, and incorporated by this reference, are true and correct copies of screenshots of the listings associated with the aforementioned ASINS on Amazon.com ("Defendant's Infringing Products"). Through this account, Defendant offers numerous products to U.S. consumers, including in California, and including Defendant's Infringing Products. None of Defendant's Infringing Products are licensed by Defendant from ZAG, and all of Defendant's Infringing Products infringe ZAG's copyrights.

14. Defendant's Infringing Products consist of rings based on the ring worn by the character of "Cat Noir" the alter ego of "Adrien Agreste" from ZAG's Miraculous® series. The screenshots attached as Exhibits C and D describe Defendant's Infringing

Products variously as "Cat Cute Rings" and "Cat Black Ring" and "Adrien Magic Rings." The listings also describe the rings as "perfect for Noir's fans to cosplay."

15.  The rings are manifestly based on ZAG's Miraculous® series and characters, and makes direct references to ZAG's Miraculous® series, characters and products. Attached hereto as Exhibit E is a true and correct copy of a screenshot from ZAG's www.miraculousladybug.com website which displays Cat Noir/Adrien's ring.

16.  Accordingly, Defendant's Infringing Products use designs identical, substantially similar to, or derivative of the copyrights for ZAG's Miraculous® series, including U.S. Copyright Registration Nos. PA 2-116-662 and PA 2-118-419 in which Cat Noir's ring appears.

17.  ZAG is informed and believes, and upon such information and belief, alleges that Defendant profited from his unauthorized use of ZAG's copyrighted works.

### ZAG's DMCA Takedown Request

18.  On October 18, 2021, in accordance with the Digital Millennium Copyright Act ("DMCA") and the policies set forth by Amazon.com, ZAG issued a takedown notice for Defendant's Infringing Products.

19.  Amazon confirmed that it had received the notice and was in the process of disabling access to Defendant's Infringing Products on Amazon.com, and assigned Complaint ID Nos. 9070215741 and 8691956711 with respect to ASIN B09CGRFDZ5 (the "Amazon Listing") to the issue.

20.  However, on October 28, 2021, Amazon updated ZAG that Defendant had filed a counternotification disputing ZAG's takedown notice. Accordingly, Amazon instructed ZAG to file a federal lawsuit pursuant to 17 USC § 512(g)(2)(C) within ten (10) business days, or else it would reinstate the Amazon Listings containing Defendant's Infringing Products on Amazon.com. A copy of the above correspondence is attached to the complaint as Exhibit F and incorporated by this reference.

21. Accordingly, pursuant to 17 USC § 512(g)(2)(C), ZAG hereby files this Action for "a court order to restrain the subscriber from engaging in infringing activity relating to the material on the service provider's system or network."

## FIRST CAUSE OF ACTION

## Federal Copyright Infringement (17 U.S.C. § 501(a))

22. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1-21 above as if fully set forth herein.

23. ZAG is the exclusive owner of U.S. Copyright Registration Nos. PA 2-116-662 and PA 2-118-419.

24. Defendant did not attempt and therefore inherently failed to obtain ZAG's consent or authorization to produce / reproduce, distribute, create derivative works, and/or publicly display works protected by ZAG copyrights, including U.S. Copyright Registration Nos. PA 2-116-662 and PA 2-118-419.

25. Defendant infringed U.S. Copyright Registration Nos. Nos. PA 2-116-662 and PA 2-118-419 by making, marketing, distributing, displaying, selling and/or offering for sale Defendant's Infringing Products.

26. Defendant willfully and intentionally caused injury to ZAG by refusing the removal of Defendant's Infringing Products after being put on actual notice of his infringement of ZAG's copyrights, including U.S. Copyright Registration Nos. PA 2-116-662 and PA 2-118-419, despite having the ability to do so.

27. Defendant willfully and intentionally caused further injury to ZAG by responding to ZAG's DMCA takedown notice with a counternotification falsely claiming under penalty of perjury that ZAG did not have a copyright over the disputed materials, that no such copyright exists, that ZAG lacks standing to assert the copyright, that Defendant's use was a "fair use" of the copyrighted material, and on those bases, that Defendant's Infringing Products did not infringe upon ZAG's copyrights.

28. Defendants' unlawful and willful actions as alleged herein constitute infringement of ZAG's copyrights, including U.S. Copyright Registration Nos. PA 2-116-662 and PA 2-118-419.

29. Defendant's knowing and intentional copyright infringement has caused substantial and irreparable harm to ZAG in an amount to be proven at trial, for which ZAG has no adequate remedy at law, and unless enjoined, Defendant will continue to cause substantial and irreparable harm to ZAG.

30. Based on Defendant's wrongful conduct, ZAG is entitled to injunctive relief, ZAG's actual damages and Defendant's profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** ZAG prays for judgment against Defendant as follows:

A. For an award, pursuant to 17 U.S.C. § 504(b), of ZAG's actual damages for and Defendant's profits from copyright infringement in an amount to be proven at trial;

B. In the alternative to ZAG's actual damages and Defendants' profits, for statutory damages of up to $150,000 per infringement pursuant to 17 U.S.C. § 504(c) for willful copyright infringement, which ZAG may elect prior to the rendering of final judgment;

C. For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendant and his agents, servants, employees, officers, subsidiaries, and affiliates, and all persons and organizations in active concert or participation with Defendant from:

    i. making, marketing, distributing, displaying, selling and/or offering for sale, Defendant's Infringing Products;

    ii. directly or indirectly infringing in any manner ZAG's copyrights, including but not limited to U.S. Copyright Registration Nos. PA 2-116-662 and PA 2-118-419;

      iii. secreting, destroying, altering, removing, or otherwise dealing with or affecting Defendant's Infringing Products;

      iv. secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with any computer files, data, business records, financial records, documents or any other records or evidence relating to Defendant's Infringing Products, including records of any money, securities, financial accounts, or other assets relating to the Defendant's Infringing Products ("Defendant's Infringing Products Finances"), whether in the U.S. or abroad;

      v. secreting, concealing, transferring, disposing of, withdrawing, or encumbering any of Defendant's Infringing Products Finances until further ordered by this Court;

      vi. effecting assignments, issuing licenses, forming new entities or associations, or utilizing any other devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth by any injunction, judgment, or order in this Action;

      vii. aiding, abetting, encouraging, or inducing any other parties, including customers of Defendant, to do any of the foregoing acts; and

      viii. engaging in any other act in derogation of ZAG's intellectual property rights.

D. For an order from the Court requiring that Defendant's Infringing Products and materials that infringe ZAG's copyrights and/or contain or embody ZAG's original works be impounded pursuant to 17 USC § 503(a);

E. For an order from the Court requiring that Defendant's Infringing Products and materials that infringe ZAG's copyrights and/or contain or embody ZAG's original works be destroyed pursuant to 17 USC § 503(b);

F. For an order from the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived from the Defendant's Infringing Products, including prejudgment interest;

G. For an order from the Court, pursuant to 17 USC § 512(g)(2)(C), to "restrain the subscriber from engaging in infringing activity relating to the material on the service provider's system or network";

H. For ZAG's reasonable attorneys' fees;

I. For all costs of suit; and

J. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  November 5, 2021                     Respectfully submitted,


                                             /s/Benjamin C. Johnson
                                             Benjamin C. Johnson
                                             Attorney for Plaintiff ZAG America LLC